**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Fred ROBISON, Defendant–Appellant.**

No. 09–10068.

United States Court of Appeals, Ninth Circuit.

Submitted March 16, 2010.*

Filed March 26, 2010.

Pamela Martin, Assistant U.S., Camille W. Damm, Assistant U.S., Robert Lawrence Ellman, Esquire, Assistant U.S., USLV–Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Kevin R. Stolworthy, Esquire, Jones Vargas, Las Vegas, NV, for Defendant–Appellant.

Before: SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Fred Robison appeals from the 120–month sentence imposed following a guilty-plea conviction for conspiracy to possess with intent to distribute and to distribute a controlled substance, in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Robison contends that trial counsel was ineffective for failing to further investigate

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

whether he was eligible for safety-valve relief. The record in this case is sufficiently developed for us to determine that Robison did not receive ineffective assistance of counsel. See United States v. Labrada–Bustamante, 428 F.3d 1252, 1260–61 (9th Cir.2005). Specifically, the record reflects that counsel investigated the validity of the prior conviction that made him ineligible for safety valve consideration, and undertook a great deal of effort to attack the conviction in state court. Because Robison fails to demonstrate that counsel's performance was deficient, his claim fails. See Strickland v. Washington, 466 U.S. 668, 687–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**AFFIRMED.**